IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY RYANS,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY CORPORATION, SALT LAKE CITY POLICE DEPARTMENT, OFFICER NICOLAS PEARCE; OFFICER KEVIN JEWKES; and JOHN DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SHORT FORM DISCOVERY AND ORDERING RESCHEDULED RULE 35 EXAMINATION<br><br>Case No. 2:22-cv-00279-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

### I.  BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 19). On May 19, 2025, the court ordered the medical examination of Plaintiff Jeffrey Ryans (Plaintiff) pursuant to Federal Rule of Civil Procedure 35 (ECF 45) on July 14, 2025, a date mutually agreed upon by the parties (ECF 44). Before the court is Defendants' Motion for Short Form Discovery (Motion) (ECF 50) requesting that Plaintiff or his counsel pay the no-show fee for his Rule 35 exam. Plaintiff opposes this request on the grounds that Plaintiff was not informed of the no-show fee and the missed exam resulted from a scheduling miscommunication between Plaintiff and his counsel (ECF 51 at 1–2). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. See DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion (ECF 50).

### II.  DISCUSSION

Rule 37(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, the court "*must* order the disobedient party, the attorney advising that party, or both to

pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." *Tingey v. Midwest Off., Inc.*, No. 1:22-CV-00145-TC-JCB, 2024 WL 1771870, at *1 (D. Utah Apr. 24, 2024) (quoting Fed. R. Civ. P. 37(b)(2)(C)). In the context of discovery sanctions, a party's position is substantially justified "if it has a reasonable basis in both law [and] in fact." *Id.* (citing *Smash Technology, LLC v. Smash Solutions, LLC*, No. 2:19-CV-00105-TC-JCB, 335 F.R.D. 438, 450 (D. Utah June 30, 2020)). "The court has ample discretion to determine whether 'other circumstances' render unjust an award of costs and fees." *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(C)).

Here, the court finds that Plaintiff's failure to comply with the court's order to attend the previously scheduled Rule 35 exam was not substantially justified. The parties mutually agreed to the scheduled date (ECF 44), and the court ordered the exam on that date based on the parties' agreement (ECF 45). The court is not persuaded by Plaintiff's argument that he should not be sanctioned with paying a "punitive" no-show fee based on a scheduling error (ECF 51 at 2). The court notes that Plaintiff has provided no caselaw to support his position. Defendants have provided ample authority to support their position that Plaintiff must bear the cost of this mistake.[1] Under these circumstances, Plaintiff's payment of the no-show fee for his missed Rule 35 exam is warranted.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Defendants' Motion (ECF 50) and ORDERS as follows:

---

[1] *See Strickland v. State Farm Auto. Mut. Ins. Co.*, No. 2:07-CV-00967, 2008 WL 11378909, at *3 (S.D.W. Va. Oct. 10, 2008) (ordering plaintiff's counsel to reimburse defendants $2,225 for missed exam caused by counsel's mistaken assumption); *see also Tingey v. Midwest Off., Inc.*, No. 1:22-CV-00145-TC-JCB, 2024 WL 1771870, at *1 (D. Utah Apr. 24, 2024) (awarding costs after plaintiff cut short Rule 35 exam); *Guillory v. Pellerin*, No. 07-1683, 2009 WL 2231633, at *4 (W.D. La. July 23, 2009) (imposing $5,000 sanction for plaintiff's failure to appear at court-ordered exam); *Puckett v. Dyer*, No. 05-0277, 2007 WL 3309843, at *1 (E.D. Cal. Nov. 6, 2007) (awarding $940 for non-refundable deposit when plaintiff failed to appear for court-ordered exam).

1. Plaintiff or Plaintiff's counsel shall pay the $700 no-show fee Defendants incurred when Plaintiff failed to appear for a court ordered Rule 35 examination. Within ten days of the date of this Order, Plaintiff's counsel shall submit payment to counsel for Defendants who will arrange for payment of the fee to Dr. Newton.

2. Plaintiff Jeffrey Ryans will appear for a rescheduled Rule 35 physical examination to be conducted by Dr. Bruce Newton, a Physical Medicine & Rehabilitation Specialist. The examination will take place on **September 3, 2025**, beginning at approximately **9:45 a.m.** at Alpine Orthopedic Specialist, LLC, 1521 East 3900 South, Suite 200, Salt Lake City, Utah 84124.

3. The examination will be conducted for the purpose of and in the manner as previously ordered by the court (ECF 45).

7. Plaintiff or Plaintiff's counsel will pay Defendants' attorney fees for the filing of the statement of discovery issues. Counsel for Defendants shall submit a declaration and proposed judgment establishing those costs within ten days of the signing of this Order.

DATED this 2 September 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah